## SYNDICS OF WEIMPRENDER vs. TRFPAGNIER.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. In this case, the plaintiffs, as representatives of the mass of the insolvent's creditors, claim from the defendant, a certain plantation or tract of land, described in their petition, as being a part of the estate of said insolvent, vested in them, by virtue of their capacity aforesaid.

The defendant in his answer sets up a title acquired at a sheriff's sale, evidenced by a deed executed by that officer, and possession under it in good faith, &c. But if this should be decreed imperfect and bad, he then claims remuneration from the plaintiffs for the expences which he incurred in the improvement and amelioration of the plantation, whilst he pos-

If a case be submitted on special facts, the evidence cannot be legally brought before the supreme court.
If the finding of the jury be contradictory, the cause will be remanded.

East'n District.
June, 1824.

SYNDICS OF
WEINPRENDER
*vs.*
TREPAGNIER.

sessed it in good faith, believing himself to be owner. On the trial of the cause, in the court below, special facts were submitted to a jury, and on their finding of these facts, judgment was rendered; decreeing the property to belong to the plaintiffs; but authorising the defendant to retain possession thereof, until they should pay to him the whole amount claimed for the improvements, by him made thereon, without any deduction for the value of the rent *en masse*, profits of the plantation during the period in which he occupied and used it as his own. From this judgment the plaintiffs appealed.

The counsel for the appellants have filed no points in this court, designating the errors of the judgment of the court below, in support of the propriety and necessity of their appeal; but refer us to the reasons which were used by them in the district court, on a motion for a new trial. These are 1. That the finding of the jury is contrary to evidence. 2. That they have found facts not submitted to them. 3. That the finding of the jury is contradictory to itself. 4. That the facts were found on insufficient and illegal evidence.

The first and last of these points may be noticed together; and it might be sufficient to ob-

serve that the record furnishes us with no data
by which we can test the finding of the jury,
either as to its being on insufficient, or being
contrary to the evidence adduced to them.
The illegality of the evidence, complained of,
ought to have been brought before this court
by proper bills of exceptions. But the record
exhibits one of an extraordinary nature, taken
by the counsel for the plaintiffs, to the opinion
of the judge *a quo*, in overruling the motion
for a new trial : by which they wished to bring
before this court, the evidence as given on the
trial of the cause below : which was to have
been gathered from their notes and those of the
judge if he had taken any, or from the memo-
ry of these persons. No such mode as this is
pointed out by law, for transmitting the evi-
dence or facts of a cause from the inferior tri-
bunals of the state; to the supreme court. We
have decided in more than one instance, that
according to law, there is no way established
by which the evidence in a case can be sent
up on an appeal taken from a judgment foun-
ded on the finding of facts, specially submit-
ted to a jury ; and that it was not within the
limits of our power or duty, to supply this de-
ficiency of proceedings in our courts, admit-

East'n District.
*June*, 1824.

SYNDICS OF
WEINPRENDER
*vs.*
TREPAGNIER.

East'nDistrict.
June, 1824.

SYNDICS OF
WEINPRENDER
vs.
TREPAGNIER.

ting that any necessity exists, for a different practice. The district judge was right in resisting the plaintiffs appl cation. 9 *Martin.*

The view which we have taken of the case, and the opinion about to be expressed on the appellants', third point, renders unnecessary, any examination of their second.

It is objected to the verdict of the jury, that their finding is contradictory in itself; to show this contradiction, the court is referred to a comparison of the finding on the first fact submitted by the plaintiffs, with that on the third, submitted by the defendant. It is alleged that both those facts cannot be morally and legally true. The finding of the first shews that from the date of the defendant's petition for an injunction in his case, *vs.* Perrett & Livingston, he knew that he had no legal title to the property in dispute ; that he was not owner, and consequently could not, as such be a possessor in good faith ; as found in the third fact of the appellee. This conclusion is opposed by his counsel, on the ground that it is sufficient that he entered on the premises and commenced his possession *bona fide.*

Whatever effect such an honest commencement of possession may produce in relation to

prescription ; it is believed that it cannot ope-
rate to the same  extent, in pursuance of the
principles fixed by our code, in relation to a
possessor's right to the rent, or messne profits of
an immovable property ; which he holds after
knowledge and conviction that he is not the
legal proprietor.    The allegations of the peti-
tion which was presented to the district court,
for the purpose of staying proceedings in the
prosecution of the suit of Perrett & Livingston
vs. the present appellee ; and which were sworn
to by him, shew clearly that at that period he
considered himself a possessor without title.
That such was his situation is now admitted
in argument by his counsel ; on that ground he
refused payment of the price of the plantation
for which he had bid it off at a year's credit ;
and in that refusal was supported by the in-
junction which he obtained, and subsequent
withdrawal of any further pursuit by the plain-
tiffs in that cause·   He therefore held the prop-
erty without paying its price, and under a full
conviction that it did not belong to him.    The
improvements which he has placed on it, are
yearly deteriorating, whilst he has been enjoy-
ing the benefits of its use.    It would be unjust
that under such circumstances, he should have

East'n District.
June, 1824.

SYNDICS OF
WEINPRENDER
vs.
TREPAGNIER.

use without compensation against the price of the ameliorations, to the extent of the value of the annual rent of the land.   The law does not tolerate such injustice.   According to the Civil Code, a possessor, who is ignorant of a better right to the property which he possesses, than his own, cannot be compelled to account to the owner, on eviction, for the funds or profits which he may have obtained from it, while he was ignorant of such title ; previous to the period at which it was regularly demanded from him.   *Civil Code,* 480, *art.* 30.   In the French text of this article the rule is made applicable to a possessor *de bonne foi ;* but the English seems to us to exclude the idea of good faith in one who holds, after knowledge that another has a better right and title to the thing which he possesses, than his own.   Admitting this to be a fair interpretation of the two texts of the article of the code just cited ; it is contended on the part of the appellee that other parts of the same book are in opposition to it.   And to establish this position, reference is made to the 71 & 72 articles of our civil code, to be found in page 489.   The provisions there enacted are in our opinion exclusively applicable to the doctrine of prescription, and ought not in any

East'n District.
*June*, 1824.

SYNDICS OF
WEINPRENDER
*vs.*
TREPAGNIER.

manner to controul rules made on the subject of a possessors right to gather the funds of property which he knew did not belong to him. This too is in conformity with the opinions of one of the most justly celebrated, and learned writers on the Roman and French laws; to whose works we have been also referred. *See Pothier Traite du Droit de propriete, no.* 340, and *Traite de la possession, no.* 82. In the *Traite de la Prescription*, of the same author, no. 34, it is stated that according to the Roman law it suffices to acquire title by prescription, that the possessor was in good faith at the commencement of his possession. But at the time he wrote a different rule prevailed in the law of France, adopted from the canon law, which required a continuation of good faith during the whole period, necessary to give title by prescription. Our law is perhaps similar to the Roman civ--il law, in regulating the rights of possessors, both as to acquiring title by prescription, and the privilege of appropriating to themselves the fruits or rents of things possessed *bona fide*. And the distinction which we have assumed between the two cases, will be found fully recognized in the treatise and no. first cited from

East'n District. Pothier.    From this view of the subject it is
June, 1824.
            evident that the finding of the jury on the first
SYNDICS OF
WEINPRENDER fact submitted by the plaintiffs, is according to
    vs.
TREPEGNIER. law, directly contradictory, to their finding
on the third fact submitted by the defendant.

It is therefore ordered, adjudged and de-
creed that the judgment of the district court be
avoided, annulled and reversed.    And it is
further ordered, adjndged and decreed, that the
cause be remanded to said court, for a new tri-
al, and that the appellee pay the costs of this
appeal.

Dennis for the plaintiff, Grymes for the
defendant.